UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA — CASE NO. 26-cr-189

VERSUS — JUDGE VAN HOOK

MICHAEL MAYENCE (01) — MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Michael Mayence ("Defendant") is charged with one count of possession of firearms or ammunition by a person subject to a domestic violence protective order. The charge arises from a search of Defendant's house pursuant to a search warrant. Before the court is a Motion to Suppress (Doc. 26). Defendant alleges that evidence seized as a result of the warrant should be suppressed because the warrant did not show a sufficient nexus between the house and the evidence sought. For the reasons that follow, it is recommended that the motion be denied.

**Relevant Facts**

On April 19, 2026, in the early morning hours, Shreveport police officers were dispatched to 355 W. 79th Street, Shreveport, Louisiana in reference to a shooting. The officers discovered a crime scene where multiple juveniles and adults had been shot and killed. The officers quickly learned that the suspect, later identified as Shamar Elkins, had stolen a red Kia Sportage and driven away. A little after 6:15 a.m., officers located the Kia Sportage on Interstate 49 in Caddo Parish, and a vehicle chase ensued. The chase ended at

490 Brompton Lane in Bossier City, Louisiana, where Elkins got out of his vehicle armed with a firearm and stopped near the front door of the residence. Elkins fired his firearm and officers fired multiple rounds at Elkins and into the house. Elkins was pronounced deceased at the scene.

Louisiana State Police ("LSP") officers arrived at the scene shortly afterwards and took over the investigation. After the initial investigation, LSP officers then obtained a search warrant to search the location of the shooting, 490 Brompton Lane, with a Bossier Parish District Judge. LSP executed the warrant on the same day and collected evidence of the crime including photographs and retrieving and documenting projectiles that had entered the house. During the execution of this search warrant, LSP Troopers located and observed several firearms inside of Mayence's residence. The firearms were not taken into custody as they were not deemed as evidence of the incident involving Elkins.

On April 22, 2026, the owner and sole occupant of the residence, Michael Mayence, gave a voluntary interview to law enforcement about the incident on April 19, 2026. That same day law enforcement (including ATF Agents) reviewed Mayence's criminal history and found that Mayence had an active protective order that did not expire until May 2026 and was prohibited from receiving or possessing a firearm under federal law Title 18, United States Code, Section 922(g)(8). Mayence was arrested for Possession of a Firearm while under a Domestic Violence Protective Order.

**The Warrant**

The warrant started with a description of Plaintiff's house and stated that the house "is a place where evidence of a crime may be located" and listed the following categories of evidence to be seized:

- Photographs,
- Drone photographs,
- DNA Samples,
- Fingerprints,
- All firearms-related evidence, including guns, ammunition, shell casings, or projectiles,
- Narcotics evidence,
- Video surveillance,
- Electronic devices, including security camera storage systems,
- Cellular phones, and
- Any and all other evidence pertaining to this investigation.

The warrant stated that the property to be seized constituted evidence of the crime of aggravated assault with a firearm. The probable cause was based on Elkins' death near the front door of the house.

**The Motion to Suppress**

Defendant argues in his motion to suppress that the application for the warrant did not include an explanation as to why any of the listed items might be found in Defendant's home. Defendant argues that the affidavit described a crime that Mr. Elkins committed, not Defendant, and that none of the facts contained in the affidavit related to the interior of Defendant's residence. Defendant argues that a nexus is necessary to claim the protection of the Leon good faith exception to the warrant requirement, and no nexus exists. The Government responds that the warrant described the action of Mr. Elkins arriving at the

residence after a vehicle chase with law enforcement, going to the front door, discharging his firearm, and then being fired on by officers. The government argues that this description gives ample information to establish probable cause to search the residence for evidence including shell casings, projectiles, or devices that may have recorded the incident. The Government also argues that the officers relied in good faith on the warrant being valid.

**Law and Analysis**

To determine whether a search warrant violates the Fourth Amendment, the Fifth Circuit applies a two-part inquiry. United States v. Allen, 625 F.3d 830, 835 (5th Cir. 2010). First, does "the seizure fall within the good-faith exception to the exclusionary rule?" Id. If the good-faith exception does not apply, the second question asks whether the issuing judge "had a substantial basis for believing there was probable cause for the search." Id.

Under the good faith exception, if an officer's 'reliance on the magistrate's probable-cause determination and on the technical sufficiency of the warrant he issues [is] objectively reasonable,' a court need not suppress the fruits of the search. United States v. Flanders, 468 F.3d 269, 271 n. 2 (5th Cir. 2006) (quoting United States v. Leon, 468 U.S. 897, 922 (1984)). The mere existence of a warrant typically suffices to prove that an officer conducted a search in good faith and justifies application of the good faith exception. Leon at 922.

The good faith exception is inapplicable to the execution of a warrant only in the following "exceptional circumstances": (1) when the magistrate issued it in reliance on a

deliberately false affidavit; (2) when the magistrate abandons his or her judicial role and fails to perform in a neutral or detached fashion; (3) when the warrant is based on an affidavit so lacking in indicia of probable cause as to render an officer's belief in it unreasonable; and (4) when the warrant is so facially deficient, as by failing to particularize the place to be searched or the items to be seized, that no reasonable officer could believe it valid. Leon, 468 U.S. at 923.

None of the exceptions to Leon good faith apply here. The affidavit is not false in any way. The state court judge did not abandon his neutral role. The warrant is not so clearly lacking in probable cause that the officers' belief in its existence was entirely unreasonable. The warrant was particular with regard to the location of the residence and the items listed as potential evidence.

To be sure, the application presented a close call as to probable cause. But once the state court judge made that call, it was objectively reasonable for the officers to rely on it. United States v. Morton, 46 F.4th 331, 338 (5th Cir. 2022)(en banc)("… on close calls second guessing the issuing judge is not a basis for excluding evidence."). See also, United States v. Walker, 2026 WL 411729 (M.D. La. 2026); United States v. Githens, 2025 WL 3282243 (E.D. Cal. 2025); United States v. Stately, 2025 WL 31775220 (D. Minn. 2025); United States v. Mundy, 2024 WL 2848292 (E.D. Ky 2024); United States v. Casher, 2024 WL 1253620 (M.D. Penn. 2024); and United States v. Diaz-Rivera, 2022 WL 22744960 (D. Puerto Rico 2022).

Accordingly,

It is recommended that Defendant's Motion to Suppress (Doc. 26) be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Crim. P. 59(b)(2), parties aggrieved by this recommendation have **fourteen (14) days** from the date of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Crim. P. 45(b). A party may respond to another party's objections within **fourteen (14) days** from the filing of the objections. Counsel are directed to furnish a paper copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file timely written objections to the proposed findings, conclusions and recommendation set forth above shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of August, 2026.

Mark L. Hornsby
U.S. Magistrate Judge